IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 09 CR 105 |
| | ) | |
| CHRISTOPHER G. KELLY and | ) | |
| BCI COMMERCIAL ROOFING, INC., | ) | Hon. Charles R. Norgle |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES R. NORGLE, District Judge

Before the Court is the Government's Motion to Admit Certain Evidence Pursuant to Rule 404(b). For the following reasons, the Motion is granted.

### I. BACKGROUND

Defendant Christopher Kelly ("Kelly") and BCI Commercial Roofing, Inc. ("BCI") are charged with participating in an alleged bid-rigging scheme involving commercial roofing contracts at O'Hare Airport. The Court has explained the factual background to this case in a separate Memorandum Opinion issued today regarding the Government's Santiago proffer. To briefly summarize the Government's allegations, Kelly and BCI, in connection with Co-Schemer A and Company A, are alleged to have fraudulently steered roofing construction contracts for work at American and United Airlines O'Hare facilities to BCI in return for hidden kickbacks from Kelly and BCI to Co-Schemer A and Company A. Kelly is charged with mail fraud and money laundering.

1

The Government now moves the Court to admit evidence of other crimes or wrongs pursuant to Federal Rule of Evidence 404(b). The Motion is fully briefed and before the Court.

## II. DISCUSSION

### A. Standard of Decision

Federal Rule of Evidence 404(b) provides in part,

> [E]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident . . . .

FRE 404(b). It is well-established that Rule 404(b) evidence may not be used to "show that the defendant has a propensity to commit crime and that he acted consistent with that propensity." United States v. Runnels, 93 F.3d 390, 393 (7th Cir. 1996) (citing United States v. Hernandez, 84 F.3d 931, 935 (7th Cir. 1996)). Rule 404(b) evidence may, however, be introduced to demonstrate, *inter alia*, a defendant's motive to commit the crime, a defendant's intentions or plan, or a defendant's knowledge that a crime was being committed. Id.

Courts are to apply a four-part test in reviewing the admissibility of Rule 404(b) evidence.

> [T]he court must determine whether (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the "other act" is similar enough and close in time to be relevant to the matter at issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

United States v. Wilson, 31 F.3d 510, 514-15 (7th Cir. 1994). The statutory list of permissible purposes for which evidence may be admitted under Rule 404(b) is not exhaustive, and the Rule

2

leans toward the admissibility of such evidence. United States v. Manso-Portes, 867 F.2d 422, 426 (7th Cir. 1989).

## B. The Government's Motion to Admit Rule 404(b) Evidence

Keeping in mind that Kelly is charged with mail fraud and money laundering, the Government proposes to introduce evidence that Kelly was also involved in a tax fraud scheme and committed illegal financial structuring. Kelly pled guilty to those crimes pursuant to a written plea agreement, and has been sentenced to 37 months imprisonment.

Kelly has admitted to the following. From approximately 2001 to 2006, he impeded the Internal Revenue Service by using business funds to pay for personal expenses. He concealed the true nature of these payments by improperly recording the payments in BCI's ledgers, and creating false documents. As a part of this scheme, Kelly used nearly $300,000 in corporate funds to pay off gambling debts. He also used $700,000 in corporate funds to partially pay for a new home. Kelly did not report the use of these funds on his individual tax returns, ultimately under reporting $1,515, 661 in personal income. Kelly also criminally structured funds by concealing the personal receipt of cash, seeking to avoid the filing of Currency Transaction Reports, and depositing and cashing checks drawn on BCI's and CGK Consulting's accounts, whereupon the cash proceeds were returned to Kelly. These checks were all in the amount of less than $10,000. Kelly admitted that he structured the movement of theses funds for the purpose of avoiding bank reporting requirements.

The first three prongs of the Rule 404(b) four-part test are clearly satisfied. The Government asserts, and the Court agrees, that evidence of these crimes may be used to show Kelly's knowledge, plan, and intent. See Wilson, 31 F.2d 514-15. Evidence of Kelly's criminal

3

tax fraud and illegal structuring scheme are directly relevant to show that he was knowledgeable about the kickback scheme, planned to participate in it, and had the requisite intent to commit the crimes with which he is currently charged. The tax fraud and illegal structuring crimes, while not identical to the mail fraud and money laundering charges Kelly now faces, involve similarly sophisticated financial knowledge and planning, along with the manipulation of corporate financial activities to further Kelly's own criminal interests. See id. The tax fraud and illegal structuring occurred during roughly the same time period as the acts he is accused of in the instant case. See id. Because Kelly admitted to these crimes via his plea agreement and plea of guilty, there is obviously enough evidence to support a jury finding that he committed these acts. See id.

Finally, the Court determines that the prejudicial value of the 404(b) evidence does not outweighed the danger of unfair prejudice. See id. There is a strong similarity between the tax fraud and money laundering charges and the instant charges Kelly faces, and the prior offenses are not likely to be the sort that would inflame the jury's passions. See United States v. Scop, 940 F.2d 1004, 1009 (7th Cir. 1991) (404(b) evidence not unduly prejudicial where "it concerned truly similar activities rather than inflammatory criminal acts."). Moreover, the Court is well aware of its obligation to give the jury limiting instructions regarding the 404(b) evidence. See United States v. Hubbard, 22 F.3d 1410, 1418 (7th Cir. 1994) (the prejudicial effect of a prior uncharged bad act was reduced by a proper limiting instruction); United States v. Emenogha, 1 F.3d 473, 479 (7th Cir. 1993) (emphasizing the district court's great care in giving repeated limiting instructions to the jury regarding the acceptable use of 404(b) evidence); United States v.

Wright, 943 F.2d 748, 751 (7th Cir. 1991) (collecting cases regarding the mitigation of potential prejudice through the use of limiting instructions).

### III. CONCLUSION

For the foregoing reasons, the Court grants the Government's Motion to Admit Certain Evidence Pursuant to Rule 404(b).

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

Dated: September 4, 2009